ABRAHAM V. VAN FLEET AND JOHN T. BIRD, ESQS.,
VICE-CHANCELLORS.

---

## HOWARD W. HAYES et al.

*v.*

## OLIVER KING et a..

A testatrix gave all the residue of her estate, real and personal, to her mother, and provided that in case her mother should die before herself, it should go to her mother's heirs-at-law. Her mother did die before testatrix. Her heirs-at-law, at the death of the testatrix, were two children of her deceased sister, and three children of her deceased brother.—*Held*, that testatrix's personalty should be divided among them *per capita*, and her real estate *per stirpes*.

---

Bill for construction of will. On final hearing on bill.

1

Hayes v. King.

*Mr. Howard W. Hayes,* for complainants.

*Mr. Henry A. Condict,* for defendants.

THE CHANCELLOR.

The bill is filed for a construction of the will of Mary A. T. Vail, late of Morristown. By the will, the testatrix gave the residue of her estate, both real and personal, to her mother, Esther H. Tichenor, and provided that in case her mother should predecease her. it should go to her mother's heirs-at-law. She owned both real and personal estate at her death. Mrs. Tichenor did in fact die before the testatrix. Her heirs, at the death of the testatrix, were the defendants, Oliver R. King and Caroline P. Hudson, the two children of Nancy King, a deceased sister of Mrs. Tichenor, and the complainants, who are the three children of her deceased brother, David A. Hayes.

The question submitted is, In what shares do the complainants and Oliver R. King and his sister take the residue?

The language of the clause under consideration is:

"All the rest and residue of my estate, both real and personal, of every kind, I give, devise and bequeath to my mother, Esther H. Tichenor, and in case of her death before my decease, then to her heirs-at-law."

The provision that the heirs of Mrs. Tichenor should, in case she should predecease the testatrix, take the residue, is merely substitutionary, denoting succession. *Vane* v. *Henderson, 1 Jac. & Walk. 388, note.* The rule to be applied in this case is that the term "heirs" is *reddendo singula singulis,* to be construed in reference to the species of property which is the subject of disposition. *Scudder* v. *Vanarsdale, 2 Beas. 109 ; Akers* v. *Akers, 8 C. E. Gr. 26 ; Welsh* v. *Crater, 5 Stew. Eq. 177 ; affirmed on appeal, 6 Stew. Eq. 362 ; Wingfield* v. *Wingfield, L. R. (9 Ch. Div.) 658 ; Newton's Trusts, L. R. (4 Eq.) 171 ; Steevens's Trusts, L. R. (15 Eq.) 110.* And it is those who at the testatrix's death stood in the relation who are to be held entitled to the gift. Therefore in this case the three children of Mr. Hayes and the

two of Mrs. King are the persons entitled, and they will take the personal estate *per capita* (*Wagner* v. *Sharp, 6 Stew. Eq. 520*), and the real *per stirpes,* according to the statute of descents. The testatrix merely intended to give her property of both kinds to her mother, and in effect to provide that if the latter should pre-decease her there should be no lapse, but that there should be succession; that the property (both kinds) should go to those who would have been entitled to it by law if her mother had survived her, and then immediately died intestate. There is no evidence that she intended that those who should be the heirs-at-law of her mother should take the property of both kinds in equal shares. She has contented herself with a bare provision for succession, leaving the rest to the law.